ERIC S. SMITH, Esq.
SMITH & WILLIAMS
P.O. Box 5133 CHRB
Saipan, MP 96950
Telephone No. (670) 233-3334/5
Facsimile No. (670) 233-3336

Attorneys for Plaintiff
Modesta Manglona Nadar

F I L E D
Clerk
District Court

JUN 1 5 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| MODESTA MANGLONA NADAR, | ) CIVIL CASE NO. 07-0023 |
| Plaintiff, | ) |
| vs. | ) COMPLAINT |
| EFREM S. TAIMANAO dba JOE & SON'S ENT., | ) |
| Defendant. | ) |

Plaintiff Modesta Manglona Nadar, by and through counsel, and hereby alleges, as follows:

### JURISDICTION AND VENUE

1.   This Court has jurisdiction to hear and determine this claim based upon violations of the federal civil rights law pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. §§ 12101 et seq., the Americans with Disabilities Act. Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202. The Court also has supplemental jurisdiction over the various state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this Court under 28 U.S.C. §1391(a). The Defendant resides in the Commonwealth of the Northern Mariana Islands ("CNMI") or has transacted his affairs in the CNMI. Additionally the facts giving rise to this lawsuit occurred within this District.

**PARTIES**

3. Plaintiff Modesta Manglona Nadar ("Mrs. Nadar") is an individual and a citizen of the United States of America, and a resident of Rota, CNMI

4. Defendant Efrem S. Taimanao dba Joe & Son's Ent. ("Mr. Taimanao"), on information and belief, is an individual and citizen of the United States of America, a resident of Rota, CNMI, engaged in the businesses of office space rental (Joe & Son's Space Rental), hotel, apartment rental (Senora Apartment) and retail store (Joe & Son's Food Market). Defendant is the owner of Joe & Sons Building located in Rota, CNMI.

**FACTS**

5. Mrs. Nadar is a 42 year old individual with a disability. She had a brain aneurysm and suffers from seizures that substantially limit her major life activities. She uses a wheelchair for mobility. She has the ability to leave the wheelchair to access facilities inaccessible to a wheelchair by using a cane.

6. On or about June 16, 2005, Mrs. Nadar went to the office of the CNMI Division of Immigration in Rota with her husband. The Division of Immigration is renting office spaces with Mr. Taimanao located at the first and second floors of the Joe and Sons Building.

Mrs. Nadar and her husband first went to the ground floor office of Immigration but there was no one in the office to assist them so they walked to the Immigration office upstairs. She was not able to use her wheelchair in going up the stairs or entering the door of the Immigration office.

7.  After finishing their business with Immigration, Mrs. Nadar and her husband then left and went down the stairs. As Mrs. Nadar was descending the stairs, she suddenly had a seizure and fell down the stairs.

8.  Mrs. Nadar was transported to the Rota Health Center by ambulance where she was examined and treated.

9.  The fall caused Mrs. Nadar to suffer injuries and pain. Mrs. Nadar also suffered and continues to suffer tremendous mental pain and anguish.

**FIRST CAUSE OF ACTION**
**(Violation of Title III – Americans with Disabilities Act)**

10. Plaintiff repeats and realleges, and incorporates herein by reference, each and every allegation contained in the preceding paragraphs.

11. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., establishing the most important civil rights for persons with disability in our country's history.

12. The Congressional statutory findings include:

   a. "some 43,000 Americans have one or more physical or mental disabilities...;
   b. "historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;
   c. "discrimination against individuals with disabilities persist in such critical areas as public accommodations;
   d. "individuals with disabilities continually encounter various forms of discrimination, including... the discriminatory effects of architectural-... barriers; [and]
   e. "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity... to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. § 12101(a).

13. Congress went on to state explicitly the purpose of the Americans with Disabilities Act, to be:

   (a) "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
   (b) "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities... [and]
   (c) "to invoke the sweep of Congressional authority... to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities." 42 U.S.C. § 12101(b).

14. One of the most important parts of the Americans with Disabilities Act was Title III, known as the "Public Accommodations and Services Operated by Private Entities." 42 U.S.C. §§ 12181 et seq.

15. Congress included a "sales and rental establishment" as a public accommodation covered by ADA, 42 U.S.C. §§ 12181 (7).

16. Mr. Taimanao's businesses are rental and sales establishments. Joe & Son's Space Rental and Joe & Son's Food Market are located at the Joe & Son's Building. The hotel/apartment is in a separate building.

17. Discrimination includes a "failure to remove architectural barriers… that are structural in nature, in existing facilities… where such removal is readily achievable. 42 U.S.C. §§ 12182 (b)(2)(A)(iv).

18. In the event that the removal of the barrier is not readily achievable, the U.S. Department of Justice has by regulation required that the public "accommodation [be made] available through alternative methods, if these methods are readily achievable." 28 CFR §36.305(a).

19. The Americans with Disabilities Act, 42 U.S.C. § 12182 (a) prohibits discrimination in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases (or lease to), or operates a place of public accommodation.

20. Nevertheless, Mr. Taimanao has not eliminated physical barriers that prevent persons who use wheelchairs from entering his business establishments.

21. Joe & Son's building upon which the office of the Division of Immigration and the food market are located is a place of public accommodation under the ADA (42 U.S.C. § 12181 (7) and affects commerce.

22. Mr. Taimanao operates and/or leases (leases to) places of public accommodation as defined by the ADA and is thus subject to the anti-discrimination provisions. (42 U.S.C. § 12182 (a))

23. Pursuant to the ADA (42 U.S.C. § 12182 (b)(2)(A)(iv)), and the federal regulations promulgated pursuant to the ADA, Mr. Taimanao was required to make his buildings accessible.

24. Mr. Taimanao failed to provide access to his places of public accommodation from public sidewalks or parking. These include measures such as installing an entrance ramp, widening entrances, and providing accessible parking spaces. 28 CFR §36.304.

25. Mr. Taimanao failed to take measures to provide access to those areas where goods and services are made available to the public such as widening doors and installing ramps. 28 CFR §36.304.

26. By failing to remove architectural barriers in their existing facilities, where such removal is readily achievable, Mr. Taimanao discriminated against the Plaintiff in violation of the ADA. Removal of barriers include such measures, but are not limited to, installing ramps, widening doors, installing offset hinges to widen doorways, or providing an alternative accessible path. 28 CFR §36.304.

## SECOND CAUSE OF ACTION
### (Negligence)

27. Plaintiff repeats and realleges, and incorporates herein by reference, each and every allegation contained in the preceding paragraphs.

28. Mr. Taimanao had a duty to maintain its premises in a reasonably safe condition that would allow people including, without limitation, customers and other invitees to safely walk about the premises of the building.

29. Mr. Taimanao breached this duty by, inter alia:

   a) Negligently and carelessly failing to install appropriate safety devices for its stairs;
   b) Failing to warn Plaintiff of the danger presented by the unsafe condition of the stairs;
   c) Failing to install a nonslip surface on the stairs; and/or
   d) Failing to clean, dry and/or otherwise maintain the stairs in a reasonably safe condition.

30. Mr. Taimanao also failed to otherwise exercise due care with respect to the matters alleged in this Complaint.

31. Mr. Taimanao's breach of the duty owed to Mrs. Nadar caused the stairs to be unreasonably dangerous for her use.

32. As a direct and proximate result of the negligence of Mr. Taimanao as set forth above, Mrs. Nadar slipped and fell while descending the stairs.

33. As a further direct and proximate result of the negligence of Mr. Taimanao as set forth above, Mrs. Nadar was injured and her general health impaired. The injuries caused by the fall caused Mrs. Nadar to suffer tremendous mental pain and anguish. As a further result of Mrs. Nadar's injuries, she has been and is now and will be in the future prevented from participating in and enjoying the normal pleasures of life to which she was formerly accustomed. Moreover, Mrs. Nadar presently and in the future will continue to suffer physical pain and mental anguish and will continue to incur medical, hospital and related expenses.

34. Accordingly, Mrs. Nadar has sustained and incurred damages in an amount according to proof at trial.

**PRAYER**

WHEREFORE, Plaintiff prays for relief as follows:

1. For general, statutory, liquidated and special damages in an amount to be proven at trial.

2. For prejudgment interest as allowed by law.

3. For attorney fees and costs of suit.

4. For the issuance of an injunction enjoining Defendant from continuing his discrimination.

5. For such other and further relief as the Court may deem appropriate

Dated: June ___, 2007.

          SMITH & WILLIAMS
          Attorneys for Plaintiff Modesta M. Nadar

          By: _____
               Eric S. Smith

K:\David Banes\3332-01 Modesta Nadar\3332-01-070614-PL-Complaint-MNadar.Taimanao.SW.doc