1 | ERIC S. SMITH F 157
  | Smith & Williams
2 | P.O. Box 5133
  | Saipan, MP 96950
3 | Tel:    233-3334
  | Fax:    233-3336
4 |
5 | Attorneys for Plaintiff
6 |
7 |

**F I L E D**
Clerk
District Court

**MAR 1 2 2008**

**For The Northern Mariana Islands**
By_____
(Deputy Clerk)

8 |

## IN THE UNITED STATES DISTRICT COURT
### FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| MODESTA MANGLONA NADAR | Civil Action No. CV-07-0023 |
| Plaintiff , | |
| v. | **SETTLEMENT AGREEMENT** |
| | **and** |
| EFREM S. TAIMANO, dba | **GENERAL RELEASE** |
| JOE & SON'S ENTERPRISES. | |
| Defendant. | |

The parties to this Settlement Agreement and General Release, Plaintiff MODESTA MANGLONA NADAR and Defendant EFREM S. TAIMANO wishing to settle the dispute between them by agreement, do hereby stipulate that the following Settlement Agreement shall be the full and final resolution of this case.

## RECITALS

**WHEREAS,** Defendant Efrem S. Taimano, dba *Joe & Son's Ent*. (hereinafter referred to as Defendant "Taimano") is an doing business in the island of Rota and at all relevant times, the owner and operator of the *Joe & Son's Ent.*

**WHEREAS,** Plaintiff Modesta M. Nadar, is an individual with a disability. She suffers from seizures.  She uses a wheelchair for mobility.

1    **WHEREAS,** the Division of Immigration of the Commonwealth of the Northern Mariana
2    Islands is renting office spaces from Defendant Taimano located at the first and second floors of the
3    Joe & Sons Building.

4    **WHEREAS**, on or about June 16, 2005, Plaintiff went to the Immigration office on the
5    second floor of the Joe & Sons Building.  While on the premises of Joe & Sons Building, she had a
6    seizure and fell.

7    **WHEREAS,** as a result of the fall, Plaintiff suffered injuries and pain.

8    **WHEREAS,** through this agreement and upon the payment as hereinafter agreed to,  Plaintiff
9    will have been fully compensated for the claims made against Defendant.

10    **WHEREAS,** this agreement has been entered into by the parties on February 25, 2008.

11    **WHEREFORE**, the parties agree as follows:

12
13    **SETTLEMENT AGREEMENT**

14    1.    <u>Settlement</u>.  Subject to the terms, covenants, and conditions set forth in this
15    agreement, the settling parties have agreed to settle the claims and other issues raised in  this Civil
16    Action No. CV 07-0023 as full satisfaction of the Plaintiff's claim against Defendant.

17    2.    <u>No Admission of Liability</u>.  This Settlement Agreement and General Release
18    shall not be construed as an admission of any negligence, recklessness, willful misconduct, liability,
19    or fault of any kind whatsoever by Defendant or by any other person or entity whatsoever, but is to
20    be construed strictly as a compromise of contested claims.

21    3.    <u>Sum to Pay</u>. Defendant shall pay the total amount of Seventeen Thousand Five
22    Hundred and no/100 Dollars ($17,500.00) to the Plaintiff.

23    4.    <u>Time of Payment</u>.  Payment of the consideration for the Release shall be in
24    installments.  The first payment in the amount of Five Thousand Dollars ($5,000.00) shall be made
25    upon execution of this agreement.  Consecutive monthly payments in the amount of One Thousand
26    Dollars ($1,000.00) shall be made shall be made commencing on April 1, 2008.

27    5.    <u>Post Agreement Interest</u>.  The stipulated amount of this settlement shall incur
28    post  agreement  interest  on  the  unpaid  balance  at  a  rate  of  nine  percent  (0.09%)  per  annum

2

1  commencing February 25, 2008.

2           6.    Default. If payment as set forth above totaling the amount of $17,500.00, is
3  not made when due then Defendant shall be deemed to be in default of this Settlement Agreement.
4  If Defendant has not cured such default within five (5) days thereafter, the entire unpaid amount of
5  the settlement amount and accrued interest shall then be due and owing.

6           7.    Continuing Jurisdiction. It is the intent of the parties that the United States
7  District Court for the Northern Mariana Islands shall have continuing jurisdiction over this matter to
8  enforce any and all terms and conditions set forth in the Stipulated Agreement..

9           8.    Release. All parties to this Settlement Agreement agree and understand that,
10  by executing this agreement, they hereby forever release and discharge one another and their heirs,
11  executors, administrators, successors and assigns, of and from each and every claim, cause of action
12  and demand, of whatever kind and nature, whether known or unknown, arising out of the dispute set
13  forth in the Complaint filed in this action, including but not limited to, the claims asserted in and any
14  claim for attorneys' fees or costs, which against the other parties, or any of them, or any of their
15  present and former agents, servants, employees, attorneys, consultants, advisors, owners, partners,
16  parents, heirs, administrators, executors, successors and assigns, the parties, or any of them, or their
17  heirs, administrators, executors, successors or assigns, individually, collectively, or in any other
18  manner, ever had, now have or hereafter can, shall or may have, for, upon or by reason of any matter,
19  cause, act or thing whatsoever from the beginning of the world to the date of this agreement, except
20  that each party may enforce this Settlement Agreement according to its terms.

21          9.    Warranty of No Assignment. Plaintiff warrants and represents that she has not
22  assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any
23  portion of any claim or interest in any claim that she may have had relating to the allegations which
24  is the subject of the agreement.

25          10.   Agreement Binding . This agreement and each and every term, covenant,
26  condition and effect of it, including the waiver, discharge and release contained in shall be binding
27  upon and shall inure to the benefit of the respective heirs, executors, administrators, representatives,
28  assigns and successors in interest of the parties to this agreement.

1        11.    <u>Time of the Essence</u>.  All parties agree and acknowledge that time is of the
2   essence in this agreement.

3        12.    <u>Attorneys' Fees</u>.  If either party to this agreement shall be required to seek the
4   assistance of the Court to enforce any portion of this agreement, then the prevailing party shall be
5   entitled to recover his costs in bringing such action including his attorney fees from the other party.

6        13.    <u>Individual Warranty</u>.  Each individual party to this agreement hereby
7   acknowledges and affirmatively represents and warrants that he has full legal capacity, power and
8   authority to enter into this agreement and that this agreement constitutes a valid and binding
9   obligation as to him enforceable in accordance with its terms.  Each individual party further
10  represents that his or her attorney of record has been authorized to enter into this agreement on his
11  behalf.

12       14.    <u>Rules of Construction</u>.  In entering into this agreement, the parties represent
13  that the terms of this agreement have been completely read, translated and explained to them by their
14  attorneys and that such terms are fully understood and voluntarily accepted by them.  Each party and
15  counsel for each party has reviewed and negotiated this agreement, and accordingly, the rule of
16  construction to the effect that any ambiguities are to be resolved against the drafting party shall not
17  be employed in the interpretation of this agreement.

18       15.    <u>Counterparts</u>.  Counterparts of this agreement may be executed for the
19  convenience of the parties to this agreement and each counterpart shall be deemed to be an original
20  instrument.

21       16.    <u>Choice of Law</u>. This agreement shall be construed in accordance with the laws
22  of the Commonwealth of the Northern Mariana Islands.

23       17.    <u>Amendment</u>.  This agreement may not be amended or altered except by an
24  express writing signed by the parties.

25       18.    <u>No Waiver</u>.  The failure by any party to this agreement to insist upon strict
26  performance of any of the terms and conditions of this agreement shall not be deemed a waiver of any
27  of the rights or remedies that such party may have, and shall not be deemed a waiver of any
28  subsequent breach or default.  To be effective, any waiver with regard to this agreement must be in

4

1   writing and signed by the party granting the waiver. Any such waiver shall apply only to the matter

2   or instance specifically waived.

3       19.   Entire Agreement. This agreement when executed and delivered, sets forth the

4   entire agreement between the parties to this agreement relating to the subject matter of this agreement

5   and supersedes any and all prior communications, agreements, and understandings pertaining to the

6   subject matter of this agreement, except at to those areas within this agreement that requires any of

7   the parties to enter into separate agreements.

8       20.   Upon execution of this agreement, the Plaintiff shall file a dismissal of the

9   action.

10

11      **IN WITNESS WHEREOF,** Plaintiff and Defendant through their respective counsel

12  have executed this Settlement Agreement as follows:

13

14      RESPECTFULLY SUBMITTED.

15      Date: **3/12/08**

16                                          ERIC S. SMITH
                                            Attorney for Plaintiff

17

18

19      Date: **3/11/08**

20                                          PERRY INOS
                                            Attorney for Defendant

21

22

23

24

25

26

27

28

                                        5